UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREAT NOTIONS, INC.,                    )
                                        )
            Plaintiff,                  )
                                        )        CIVIL ACTION NO.
VS.                                     )
                                        )        3:06-CV-0656-G
THOMAS DANYEUR,                         )
                                        )        **ECF**
            Defendant.                  )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of *pro se* defendant Thomas Danyeur

("Danyeur") to dismiss this suit, or alternatively to transfer venue.  For the reasons

stated below, the motion is granted, and this case is dismissed without prejudice.

## I. BACKGROUND

This case involves allegations of copyright infringement and unfair

competition.  According to the complaint, the plaintiff Great Notions, Inc. ("Great

Notions") is a Texas corporation that owns U.S. copyrights to thousands of

embroidery designs.[1]  Original Complaint ¶¶ 2, 10.  Danyeur allegedly counterfeited

---

[1]        On the other hand, in its response to the pending motion to dismiss,

                                                            (continued...)

and sold Great Notions' designs through his online auction account with

[www.ebay.com](www.ebay.com) and other interactive websites.[2]  Original Complaint ¶¶ 6, 8, 18.  On

April 12, 2006, Great Notions filed this suit against Danyeur.

## II.  ANALYSIS

### A.  Personal Jurisdiction:  Legal Standard

A federal district court may exercise personal jurisdiction over a nonresident

defendant if (1) the long-arm statute of the forum state permits the exercise of

personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by

the forum state is consistent with due process under the United States Constitution.

*Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  A defendant is amenable to the

personal jurisdiction of a federal court sitting in diversity to the same extent that it

would be amenable to the jurisdiction of a state court in the same forum.  *Pedelahore v.*

*Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984).  Applying state law, this court

must first determine whether Texas, the forum state, could assert long-arm

---

[1](...continued)
Great Notions avers that it is an Illinois corporation doing business in Texas with its
principal place of business in Dallas, Texas.  Plaintiff, Great Notions' Response to
Defendant's Motion to Dismiss and Alternatively to Transfer Venue ("Response") at
1, 2.

[2]    Great Notions apparently discovered this infringement by finding items
Danyeur placed for online auctions at www.ebay.com.  Original Complaint ¶ 21.
After initiating an investigation regarding these items, Great Notions then utilized an
alias, bid on the items, and purchased them after winning the auction.  *Id*.

jurisdiction.  *Id*.  Because the Texas long-arm statute confers jurisdiction to the limits

of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*,

197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v.*

*Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on*

*other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal

due process inquiry.  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*,

20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.*

(Vernon 1997) (Texas long-arm statute).

## B.  Due Process Requirements

Due process requires the satisfaction of two elements to exercise personal

jurisdiction over a non-resident defendant:  (1) the nonresident must have some

minimum contact with the forum that results from an affirmative act on his part such

that the nonresident defendant could anticipate being haled into the courts of the

forum state; and (2) it must be fair or reasonable to require the nonresident to defend

the suit in the forum state.  *Burger King Corporation v. Rudzewicz*, 471 U.S. 462,

474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d

1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990).  The Due Process Clause

ensures that persons have a "fair warning that a particular activity may subject [them]

to the jurisdiction of a foreign sovereign."  *Burger King*, 471 U.S. at 472 (quoting

*Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

- 3 -

1. *Minimum Contacts*

To establish minimum contacts with the forum, a nonresident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84 (1978); *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and

citations omitted).  "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'"  *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987).  General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts.  *Helicopteros Nacionales*, 466 U.S. at 415-16.

Under either a specific or general jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate."  *Burger King*, 471 U.S. at 474 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'"  *Id.* at 475 (citations omitted).  A plaintiff must establish a substantial connection between the nonresident defendant and the forum state.  *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry -- "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spaceman*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

### a. Specific Jurisdiction Over Danyeur

Great Notions argues that the basis for asserting personal jurisdiction over Danyeur is his transactions over www.ebay.com. Plaintiff, Great Notions' Response to Defendant's Motion to Dismiss and Alternatively to Transfer Venue ("Response") at 1-5.

To exercise specific jurisdiction, the court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. See *Holt Oil*, 801 F.2d at 777. The Fifth Circuit has held that when a party directs purposeful, tortious activity towards a particular forum, he should anticipate being haled into court in that forum. See *D.J. Investments*, 754 F.2d at 547 (defendant corporate

officer accused of fraud had sufficient contacts as he engaged in correspondence with plaintiff's forum, phoned plaintiff, and visited forum to negotiate); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333-34 (5th Cir. 1982) (single defamatory phone call sufficient to create personal jurisdiction), *cert. denied*, 460 U.S. 1023 (1983); *Union Carbide Corporation v. UGI Corporation*, 731 F.2d 1186, 1189-90 (5th Cir. 1984) (out of state acts giving rise to tortious injury in forum state enough to warrant personal jurisdiction).

Courts faced with the question of personal jurisdiction involving eBay transactions have consistently held that the typical online auction process is insufficient to confer specific jurisdiction over the defendant.  See, *e.g.*, *Action Tapes, Inc. v. Weaver*, No. 3:05-CV-1693-H, 2005 WL 3199706, at *3 (N.D. Tex. Nov. 23, 2005) (Sanders, J.); *United Cutlery Corporation v. NFZ, Inc.*, No. CCB-03-1723, 2003 WL 22851946, at *2-5 (D. Md. Dec. 1, 2003); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 544-45 (D.N.J. 2002); *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 749 (E.D. Mich. 2000); *cf. McGuire v. Lavoie*, No. 3:03-CV-0161-BH, 2003 WL 23174753, at *5 (N.D. Tex. Aug. 19, 2003) (finding personal jurisdiction because the eBay seller ended the auction prematurely and entered into a traditional sales relationship through a series of transactions with a known buyer).

*Action Tapes v. Weaver* involved a situation very similar to the case *sub judice*.  In neither that case nor this was it argued that the traditional eBay auction procedure

was altered or circumvented in any manner.  Agreeing with the decision in *Action Tapes v. Weaver*, the court concludes that Danyeur's conduct of an auction on eBay is insufficient to confer specific jurisdiction.  See *Action Tapes v. Weaver*, 2005 WL 3199706, at *3 (holding "that, absent other factors, an individual is not made subject to personal jurisdiction in the Northern District of Texas for alleged copyright infringement by virtue of an eBay auction transaction conducted with a Dallas resident").

b.  General Jurisdiction Over Danyeur

Because the claims against Danyeur in this case relate to his contact with Texas, and because Great Notions has not alleged that Danyeur has continuous and systematic contacts with Texas, the court will not address the question of general jurisdiction.[3]

2.  *Fair Play and Substantial Justice*

The second prong of the due process analysis limits the court's power to exercise personal jurisdiction over a nonresident if the exercise of jurisdiction under the circumstances would offend "traditional notions of fair play and substantial justice."  *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457,

---

[3]      The court notes that, if Great Notions had made such an argument, the court would find general jurisdiction lacking.  See *National Union Fire Insurance Company of Pittsburgh, PA v. IF P&C Insurance, Ltd.*, No. 3:04-CV-2185-G, 2005 WL 1639282, at *6 (N.D. Tex. July 13, 2005) (Fish, Chief J.) ("[c]ases involving general jurisdiction suggest that these contacts must be very substantial").

463 (1940)).  Since Danyeur does not have sufficient minimum contacts such that he can be subject to jurisdiction in this forum, the court "need not determine whether exercise of personal jurisdiction here would comport with notions of fair play and substantial justice."  *Ham v. La Cienega Music Company*, 4 F.3d 413, 416 n.15 (5th Cir. 1993).

### III.  CONCLUSION

In deciding whether a nonresident should be required to defend himself in a suit in Texas arising out of contacts between him and a Texas resident, "'each case must be decided on its own facts.'"  *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983) (citation omitted), *cert. denied*, 466 U.S. 962 (1984).  In this case, the totality of the purported contacts between Danyeur and Texas do not demonstrate that Danyeur purposefully availed himself of the benefits and protections of Texas law or that he could reasonably foresee being haled into court here.  The exercise of jurisdiction over Danyeur would thus be inconsistent with the requirements of due process.  Accordingly, Great Notions' claims against Danyeur are **DISMISSED** without prejudice for lack of personal jurisdiction.

**SO ORDERED**.

March 28, 2007.

_____

A. JOE FISH
CHIEF JUDGE

- 9 -